IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:21-cv-0130

MICHAEL G. PETERS, TDCJ #2019190, PLAINTIFF,

v.

STATE OF TEXAS, ET AL., DEFENDANTS.

## ORDER OF DISMISSAL

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Plaintiff Michael G. Peters (TDCJ #2019190; former Montgomery County Inmate #551534) is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Stringfellow Unit in Rosharon. Peters has filed a civil rights complaint under 42 U.S.C. § 1983 [Dkt. 1] against the State of Texas, TDCJ, and Dinah Huffman, who serves as the mailroom supervisor at the Stringfellow Unit. Peters has also filed a motion requesting leave to proceed *in forma pauperis* [Dkt. 3]. That motion will be denied and this case will be dismissed for the reasons explained briefly below.

This civil action is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Adepegba v.*

*Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g) ; *Lomax v. Ortiz-Marquez*, — U.S. —, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of nonmeritorious' prisoner cases") (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

    Court records confirm that Peters, who has filed more than 65 civil actions and appeals in the federal courts while incarcerated, has incurred well over three strikes: (1) *Peters v. Gilbert*, No. 4:15-cv-2762 (S.D. Tex. Oct. 1, 2015) (dismissed as frivolous); (2) *Peters v. Texas Medical Board*, No. 4:15-cv-2858 (S.D. Tex. Oct. 8, 2015) (dismissed as frivolous and for failure to state a claim); (3) *Peters v. Texas Children's Hospital et al.*, No. 4:15-cv-2900 (S.D. Tex. Oct. 6, 2015) (dismissed as malicious and for failure to state a claim); (4) *Peters v. Dr. Dreyer*, No. 4:15-cv-2899 (S.D. Tex. Oct. 14, 2015) (dismissed for failure to state a claim); (5) *Peters v. Harrison, et al.*, No. 4:15-cv-3037 (S.D. Tex. Oct. 19, 2015) (dismissed as frivolous and for failure to state a claim); (6) *Peters v. Valigura*, No. 4:15-cv-3023 (S.D. Tex. Oct. 27, 2015) (dismissed as frivolous and for failure to state a claim); (7) *Peters v.*

*Duckworth*, No. 4:15-cv-3024 (S.D. Tex. Oct. 22, 2015) (dismissed as frivolous and for failure to state a claim); (8) *Peters v. State of Texas*, No. 4:17-cv-1459 (S.D. Tex. May 17, 2017) (dismissed for failure to state a claim); and (9) *Peters v. State of Texas*, No. 4:18-cv-261 (S.D. Tex. Jan. 31, 2018) (dismissed as frivolous and for failure to state a claim). As the result of accumulating so many strikes, numerous other cases filed by Peters have been dismissed as barred by the three-strikes rule. Peters has also incurred monetary sanctions for his abuse of judicial resources. *See Peters v. State of Texas*, No. 4:18-cv-261 (S.D. Tex. Jan. 31, 2018) (Dkt. 5, at 4) (imposing sanctions in the amount of $400.00).

Because Peters has more than three strikes for purposes of § 1915(g), he is barred from proceeding *in forma pauperis* in any civil action or appeal unless he is in imminent danger of serious physical injury. To fit within this exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time he seeks to file his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). Peters, who appears to seek $300,000.00 in damages because mailroom personnel opened mail addressed to the "Innocence Project" as part of a conspiracy against him, does not demonstrate that he is in imminent danger of physical harm or that he fits within the exception to the three-strikes rule.

Accordingly, the court **ORDERS** as follows:

1. The motion for leave to proceed *in forma pauperis* filed by Michael G.

Peters [Dkt. 3] is **DENIED**.

2. This lawsuit is **DISMISSED** without prejudice under 28 U.S.C. § 1915(g). Peters may move to reinstate the case if he pays the full filing fee for a civil action ($402.00) within thirty days.

**The clerk will provide a copy of this order to the plaintiff.**

Signed on Galveston Island this  10th  day of  June        , 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE